**YEN ZHING KHER, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General of the United States,\* et al., Respondents.**

No. 07–4109–ag.

United States Court of Appeals, Second Circuit.

March 24, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

Albert S. Lefkowitz, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Terri J. Scadron, Assistant Director, Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner, Yen Zhing Kher, a native and citizen of the People's Republic of China, seeks review of the August 27, 2007 order of the BIA affirming the November 8, 2005 decision of Immigration Judge ("IJ") William F. Jankun denying Kher's application for asylum and withholding of removal. *In re Kher*, No. A 77 978 135 (B.I.A. Aug. 27, 2007), *aff'g* No. A 77 978 135 (Immig. Ct. N.Y. City Nov. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

### I. Adverse Credibility Determination

 Substantial evidence supports the IJ's finding that both Kher and her supporting witness were not credible based on inconsistencies within and between their testimony. Contrary to Kher's assertion that many of the inconsistencies do not exist in the record, the IJ reasonably found that: (1) while Kher testified that she started practicing Falun Gong in the park with her parents some time in 1997 or 1998, she later testified that she started practicing "underground" in 2000; (2) while Kher testified that her parents were detained for over a month, she also testified that they were released on a date less than a month from the time they were allegedly arrested; (3) while Kher's witness testified that he saw her when he went "to do exercise every morning," he later testified that he only saw her on Mondays; (4) while Kher's witness testified that he had previously spoken to her regarding her Falun Gong practice, he la-

74

ter testified that he first spoke with her the night before the hearing when she asked him to be a witness. None of their explanations for the inconsistencies would compel a reasonable factfinder to credit them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Although Kher correctly argues that the IJ erred in finding that she testified that she was notified of her parents' arrest the following day, substantial evidence nonetheless supports the IJ's finding that her testimony was inconsistent concerning why she went into hiding when she testified that she was already in hiding the day that her parents were arrested, yet she only received notice of their arrest that day.

Kher argues that all of the inconsistencies upon which the IJ relied were minor, isolated, and immaterial. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000) (finding that inconsistencies need not be fatal if they are "minor and isolated"). We disagree. The BIA properly found that all of the inconsistencies upon which the IJ relied are material to her claim because they call into question whether she actually practiced Falun Gong and fled China because police sought her arrest and whether she practices in the United States. *See* 8 U.S.C. § 1101(a)(42).

Because the only evidence that Kher was likely to be persecuted depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

**II. Due Process Claim**

██ Kher asserts that she was denied a fair hearing because the IJ failed to consider the letters she submitted from her aunt and friend because they were not filed by the deadline the IJ had set for the

submission of evidence. As we have held, however, IJs have broad discretion in setting deadlines for the submission of documents. *Dedji v. Mukasey,* 525 F.3d 187, 191 (2d Cir.2008) (citing 8 C.F.R. § 1003.31(c)). Moreover, contrary to Kher's argument, the BIA properly found that she failed to demonstrate that the exclusion of the letters caused any prejudice to the outcome of her case. *Cf. Augustin v. Sava,* 735 F.2d 32, 37 (2d Cir. 1984) (finding a due process violation where the petitioner was unable to properly place his claim before the IJ). Even compelled to credit them given his finding that both Kher and her witness were not credible. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (finding that "where an IJ's finding of fabrication (supported by substantial evidence) serves as the basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.